Robert H. BACHLER, Executor of the Estate of E. Murielle Wunderlich, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C 00–1589 CW.

United States District Court, N.D. California.

Oct. 27, 2000.

Karl D. Belgum, Thelen Reid & Priest LLP, San Francisco, CA, for Robert H. Bachler, Executor of the Estate of E. Murielle Wunderlich, plaintiff.

David L. Denier, U.S. Attorney's Office, San Francisco, CA, for United States of America, defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

WILKEN, District Judge.

Plaintiff Robert H. Bachler, executor of the estate of E. Murielle Wunderlich, moves for summary judgment. Defendant opposes Plaintiff's motion and cross-moves for summary judgment. Plaintiff seeks a refund of federal generation-skipping transfer (GST) taxes. The matter was heard on September 22, 2000. Having considered all of the papers filed by the parties and oral argument on the motions, the Court denies Plaintiff's motion and grants Defendant's cross-motion on the ground that the grandfather clause exempting certain transfers from the GST tax does not apply here.

BACKGROUND

The following facts are undisputed. Martin H. Wunderlich (Settlor) died on May 20, 1976, leaving a will which established Trust A for the benefit of his wife, E. Murielle Wunderlich (Decedent). The will provided that Decedent had a right to receive all the income of Trust A and such amounts of the corpus as the trustees in their discretion might choose. The will also granted Decedent a general testamentary power of appointment, meaning that she had the authority, in her will, to direct that the entire corpus of Trust A remaining at the time of her death be given to anyone she named, including her own estate. If Decedent failed to exercise her power, Settlor's will provided that the trust assets would pass to his children.

Decedent died on November 20, 1997. In her will, she exercised the general power of appointment over two-fifths of the corpus of Trust A in favor of separate, equal trusts for the benefit of her six grandchildren. The balance of Trust A was appointed to Decedent's children, and is not at issue in this motion.

Because the transfer to Decedent's grandchildren skipped a generation, Plaintiff paid a GST tax in the amount of $2,043,357.55. On August 31, 1999, Plaintiff filed a claim for a refund of that amount, arguing that in light of the result in *Simpson v. United States*, 183 F.3d 812 (8th Cir.1999), the GST tax did not apply to the transfer because of an exemption, under section 1433(b)(2)(A) of the Tax Reform Act of 1986 (Pub.L. 99–514, as amended by Pub.L. 100–647) (TRA 1986).

## LEGAL STANDARD

A motion for summary judgment should be granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence in the light most favorable to the non-moving party, the movant is entitled to prevail as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1288–89 (9th Cir.1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Eisenberg*, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *See Matsushita Elec. Indus. Co. v. Zenith Ra-*

*dio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Intel Corp. v. Hartford Accident and Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Plaintiff and Defendant agree that because there are no genuine issues of material fact, the question whether the GST tax applies to the transfer in dispute is appropriate for a decision on a motion for summary judgment.

## DISCUSSION

### I. Law Applicable to the GST Tax

The current GST tax was enacted by the TRA 1986, codified as 26 U.S.C. §§ 2601–2663,[1] repealing an earlier version of the tax which had been enacted in 1976 as part of the Tax Reform Act of 1976 (TRA 1976), Pub.L. 94–455, § 2006, 90 Stat. 1879–1890.

The GST tax applies to every generation-skipping transfer. *See* § 2601. Generation-skipping transfers include taxable terminations, taxable distributions, and direct skips. *See* § 2611(a). A direct skip is a transfer to a "skip person." *See* § 2612(c)(1). A "skip person" is defined as either (1) a natural person two or more generations below that of the transferor, or (2) a trust whose interests are held by such a person. *See* § 2613(a).[2] The tax is subject to a one million dollar exemption per grantor. *See* § 2631.

---

**1.** All statutory references are to the Internal Revenue Code, 26 U.S.C. § 1, *et seq.* unless otherwise specified.

**2.** The GST tax under TRA 1976 was substantially similar to the current GST tax, but applied only to taxable distributions and taxable terminations, not to direct skips. A taxable

distribution is the distribution of income or principal to a skip person, as when income from a trust is periodically paid to a grandchild. A taxable termination occurs when an interest in property held in trust terminates, and the remainder passes to a skip person, as when a spouse is given a life estate with the remainder to a grandchild.

The current GST tax applies to all generation-skipping transfers made after October 22, 1986, the effective date of TRA 1986. *See* TRA 1986 § 1433(a). The effective date provision of the GST tax also includes a "grandfather clause," a term especially apt here, which exempts

(A) any generation-skipping transfer under a trust which was irrevocable on September 25, 1985, but only to the extent that such transfer is not made out of corpus added to the trust after September 25, 1985 ...

(B) any generation-skipping transfer under a will or revocable trust executed before the date of the enactment of this Act if the decedent died before January 1, 1987, and

(C) any generation-skipping transfer ...

(ii) which is a direct skip which occurs by reason of the death of any decedent; but only if such decedent was, on the date of the enactment of this Act, under a mental disability to change the disposition of his property and did not regain his competence to dispose of such property before the date of his death.

TRA 1986 § 1433(b)(2)(A)–(C). If a transfer made after October 22, 1986 is covered by this grandfather clause, the transfer is subject only to the GST under TRA 1976, which did not apply to direct skips.

Plaintiff concedes that the transfer of two-thirds of the corpus of Trust A to Decedent's grandchildren constituted a "direct skip" within the meaning of § 2612(c), that it constituted a "generation-skipping transfer" within the meaning of § 2611, and that it was potentially subject to the GST tax imposed under § 2601. Plaintiff argues, however, that there is no tax due on this transfer because the transfer was subject to the grandfather clause of TRA 1986, § 1433(b)(2)(A). The parties agree that if the grandfather clause applies, the transfer to Decedent's grandchildren would not be subject to the GST tax.

There is no Ninth Circuit authority construing TRA 1986 § 1433. The parties agree that two recent cases decided by the Second and Eighth Circuits are particularly relevant. *E. Norman Peterson Marital Trust v. C.I.R.*, 78 F.3d 795 (2nd Cir.1996) focuses on the phrase "corpus added to the trust," and *Simpson v. United States*, 183 F.3d 812 focuses on the phrase "under a trust."

### A. *Peterson*

In *Peterson*, the settlor created in his will a marital trust, which granted his wife a general testamentary power of appointment. *See Peterson*, 78 F.3d at 797. The will provided that in the event the settlor's wife failed to exercise her general power of appointment, the corpus of the trust would be transferred to the settlor's grandchildren. *See id.* The settlor's wife died without exercising her general power of appointment except as to an amount necessary to pay estate taxes on the trust. *See id.* The remaining corpus of the trust passed to the settlor's grandchildren, pursuant to the terms of his will. *See id.*

The taxpayer argued that no GST tax was due on the transfer because it was covered by the grandfather provision of TRA 1986, § 1433(b)(2)(A). The IRS argued that then-temporary 26 C.F.R. § 26.2601(b)(1)(v)(A) [3] applied, and the GST tax was due because the settlor's wife's failure to exercise her general power of appointment constituted a constructive addition of corpus to the trust. *See id.* at

---

**3.** The temporary regulation eventually became current 26 C.F.R. § 26.2601–1(b)(1)(v)(A), and provided, in relevant part: where any portion of a trust remains in the trust after the post-September 25, 1985 release, exercise, or lapse of a power of appointment over that portion of the trust, and the release, exercise, or lapse is treated to any extent as a taxable transfer under chapter 11 [estate tax; §§ 2001–2210] or chapter 12 [gift tax; §§ 2501–2524], the value of the entire portion of the trust subject to the power that was released, exercised, or lapsed is treated as if that portion had been withdrawn and immediately retransferred to the trust at the time of the release, exercise, or lapse.

798. Then-temporary 26 C.F.R. § 26.2601–1(b)(1)(v)(A) provided that a constructive addition to a trust occurred when, after the exercise, release, or lapse of a power of appointment, any portion of a trust remained in the trust.

The IRS argued that under then-temporary 26 C.F.R. § 26.2601–1(b)(1)(v)(A), the settlor's wife's failure to exercise her general power of appointment acted as a constructive addition of corpus to the trust, thus removing the transfer from the protection of the grandfather clause. *See id.* at 799–801.

Noting that temporary regulations are as binding as permanent regulations, the court applied the language of then-temporary 26 C.F.R. § 26.2601–1(b)(1)(v)(A) to the facts before it. *See id.* at 798. The court concluded that the settlor's wife's lapse was a constructive addition under that regulation, because assets remained in the trust after the lapse. *See id.* at 802.

The taxpayer argued that even if the regulation was valid, it should not be applied because it contravened the purpose of the grandfather clause. The court disagreed, explaining that "[t]o protect taxpayers who had legitimately made trust and estate dispositions which, although sensible when made, had become very disadvantageous, and from which they could no longer escape, Congress created a limited 'grandfathering' exception to the GST." *Id.* at 798. The court reasoned that the grandfather clause was not meant to apply to trusts with general powers of appointment, because such powers allowed decedents to avoid the GST tax by transferring the assets to someone other than a skip person and concluded that the transfer was thus ineligible for the grandfather clause of TRA 1986, § 1433(b)(2)(A). *See id.* at 801.

### B. *Simpson*

In *Simpson*, as in *Peterson*, the settlor created a marital trust in his will, which granted his wife a general testamentary power of appointment. *See Simpson*, 183 F.3d at 813. The settlor's wife, in her will, exercised her general power of appointment over the trust in favor of her grandchildren, leaving no corpus in the trust. *See id.*

The court looked to the language of 26 C.F.R. § 26.2601–1(b)(1)(v)(A)[4] to determine whether the transfer constituted a constructive addition of corpus to the trust. Because the transfer left nothing in the trust, the court found 26 C.F.R. § 26.2601–1(b)(1)(v)(A) inapplicable, determining that the regulation applied only where "any amount of a trust remains in the trust." *See id.* at 815–16. The court distinguished *Peterson* on this basis. *See id.*

Instead, the dispositive issue in *Simpson* was whether a transfer pursuant to the exercise of a general power of appointment granted by a trust was a transfer "under a trust" within the meaning of TRA 1986, § 1433. The court reasoned that so long as the transfer was made "under" a trust which was irrevocable on September 25, 1985, the transfer was exempt from the GST tax. *See id.* at 814. The court reasoned that a common sense interpretation of the phrase "under a trust" would include transfers made pursuant to a power of appointment created by the trust, and held that the decedent's transfer was exempt from the GST tax. *See id.*

### II. Analysis.

*Peterson* does not directly control the analysis of this case, because the facts of that case were different. *Peterson* dealt with the situation covered by 26 C.F.R. § 26.2601–1(b)(1)(v)(A), where a portion of a trust remains in the trust after the exercise, release, or lapse of a power of appointment. Here, because no part of Trust A was left in the trust after Decedent's exercise of her general power of

4. In the interim between *Peterson* and *Simpson*, temporary regulation 26 C.F.R. § 26.2601–1(b)(1)(v)(A) had become permanent regulation 26 C.F.R. § 26.2601–1(b)(1)(v)(A), with no change in wording. *See* 61 Fed.Reg. 43656, Aug. 26, 1996.

appointment, the exercise did not constitute a constructive addition under 26 C.F.R. § 26.2601–1(b)(1)(v)(A). Nonetheless, the Court is persuaded by that court's reasoning regarding the purpose of the grandfather clause.

The justification for the grandfather clause is evidenced ill the text of the clause itself. Section 1433(b)(2)(A) is one of three grandfathering provisions for the GST tax. Subsection (b)(2)(B) allows extra time for individuals to reform an existing will before the new GST tax would apply to them. Subsection (b)(2)(C) provides that the grandfather clause will apply to the wills of individuals subject to a mental disability who are unable to change their wills after the effective date of the new GST tax. Taken as a whole, the three subsections indicate Congress' intent to protect individuals who are unable to escape from their existing plans, not an intent to exempt certain trusts in perpetuity.

Plaintiff argues that the Court should follow *Simpson*. While the facts of the instant case are almost identical to those in *Simpson*, the Court finds *Simpson* unpersuasive. *Simpson* analyzed the phrase "under a trust," and justified the application of the grandfather clause to a transfer pursuant to a general power of appointment as follows:

> Was the transfer made by Mrs. Simpson "under" this trust? We do not see how an affirmative answer can be avoided. The power of appointment that made the transfer possible was created by the trust. Language has to mean something, and the argument that this particular transfer was not "under" trust A is simply untenable.

*Id.* at 814. As discussed above, an affirmative answer to the *Simpson* court's question can be avoided by recognizing that the phrase "under a trust" is ambiguous, and looking to the purposes of the grandfather clause.

Plaintiff claims that "under a trust" is a term of art, and includes decisions and transfers not specified in the trust instrument itself. Plaintiff cites no case law or statutory authority in support of this contention. "Under a trust" is nowhere defined in the tax code, and must be given a meaning informed by its context. The context indicates that the grandfather clause of TRA 1986, § 1433(b)(2)(A) was meant to protect donors from a change in the law that they could not avoid. Thus, a transfer "under a trust," within the meaning of the grandfather clause, is a transfer that is required by the terms of an irrevocable trust. Grandfather clauses typically serve such a purpose. *See Tataranowicz v. Sullivan*, 959 F.2d 268, 277 (D.C.Cir. 1992); *Sercl v. United States*, 684 F.2d 597, 599 (8th Cir.1982).

Here, it was not inevitable that Trust A would be subject to the GST tax. Settlor's will provided that upon a lapse of Decedent's general power of appointment, the assets of the trust would pass to his children, a transfer that would not have resulted in the imposition of the GST tax. Decedent, like the decedent in *Peterson*, had the power to appoint the assets in Trust A to whomever she chose. Decedent could have appointed all of Trust A to her children, thus avoiding the GST tax entirely. As the court noted in *Peterson*, "[t]here is no reason to 'grandfather' such a mutable arrangement, and Congress has given no indication that it wished to do so." Accordingly, the Court holds that TRA 1986, § 1433(b)(2)(A) does not apply to Decedent's transfer to her grandchildren. The GST tax does apply and Plaintiff is not entitled to a refund of it.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED and Defendant's cross-motion is GRANTED. Judgment shall enter accordingly. Defendant shall recover its costs from Plaintiff.